ST. JOHN SMITH, in Eq.; versus RALPH KELLEY & al.

By the "rules in chancery cases" in this State, defendants may severally demur and answer to the merits of the bill at the same time.

In such cases, the complainant need not answer until the demurrer is disposed of.

One Goddard conveyed a certain lot of land to defendant Kelley, reserving to himself, heirs and assigns, the "free and perpetual right of way over such part of the premises as shall be occupied by a passage-way" and cross-passage-way to be completed as described. The next day, by a bond duly executed to Goddard, Kelley obligated himself, his heirs and assigns, to "finish or cause to be finished" on demand, after a certain time, the passage-ways described by courses, distances and widths. Subsequently, Goddard conveyed the adjacent lot and all the right of way and passage across the Kelley lot reserved in the first named deed, and derived from the bond of Kelley to the plaintiff, and assigned to him the bond. Afterwards, the Kelley lot, through sundry mesne conveyances subject to the reservation, became the property of the defendant Hamblen, who, together with Kelley, was requested but neglected to finish the passage-ways. In a bill in equity, praying for a decree of specific performance of the obligation in the bond; Held,

1. That Kelley, having sold the land, could not comply with a decree for specific performance; and hence no such decree would be made against him; and,

2. That the bond was a personal obligation on the part of Kelley, and not a covenant running with the land and binding upon the grantees of Kelley.

BILL IN EQUITY, heard on demurrer.

The respondents severally demurred and answered to the merits of the bill.

The material allegations in the bill are stated in the opinion.

J. & E. M. Rand, for the complainant, contended that putting in severally a demurrer and answer to the whole bill, was in violation of the rules of pleading, and cited, on this point, Story's Eq. Plead., §§ 442, 458, 463 and 465; 1 Daniell's Chan. Plead., 659, (2,) and cases cited; Clark v. Phelps, 6 Johns. Chan., 214.

That the contract is ancillary to, or part of a contract for sale of the land by the obligee to the obligor. Land was conveyed subject to the contract and reservation, and

with express notice of the same to the other defendant. Case is not based (as defendants seem to suppose) upon reservations in deeds, but upon Kelley's contract or bond, of which Hamblen had full knowledge and notice when he took his conveyance. Having notice, the bill is maintainable against both the original contractor and those holding under him. Upon the principles laid down in Hare's note to Spencer's case, 1 Smith's Leading Cases, (Am. Ed.,) the bond would be considered in equity as running with the land as against assignees with notice.

*P. Barnes*, for the defendants.

KENT, J. — A question is raised, which it seems proper to consider, not merely as it affects this case, but as it may settle the rule for future practice. The defendants each put in a demurrer, and at the same time answered to the whole bill. The plaintiff objects to this as improper, and as in direct violation of the settled rules of pleading in equity cases, and he insists that, for this cause, the demurrers should be overruled.

The course adopted, manifestly, is not in accordance with the rules on this subject to be found in the English Chancery, or in those of many of our American courts. But it is in accordance with the rule of this Court. *Rules in Chancery Cases*, 37 Maine, 582, Rule 6. " Demurrers, pleas and answers, will be determined on their own merits, and one will not be regarded as overruling another." Under this rule, the Court, in *Hartshorn* v. *Eames*, 31 Maine, 97, recognized the right of the defendant to demur and answer to the merits at the same time if he sees fit. Ordinarily, the plaintiff has no cause to complain of this, as it gives progress to the case, and enables him to proceed at once, if the demurrer is overruled, to a hearing on the merits, by filing a replication. He has the benefit of knowing what his opponent sets up, both in law and in fact, as his defence. He can at once, (as the plaintiff in fact did in this case,) set the case down for argument on the points

raised by the demurrer. If the demurrer is sustained, and the bill dismissed, the answer becomes immaterial. If overruled, the answer is ready for a replication. The plaintiff, of course, is not bound to reply to the answer until the demurrer is disposed of.

We will therefore consider the questions arising under the demurrers.

The bill sets out a conveyance by Henry Goddard of a lot of land to Kelley, one of the respondents, in which Goddard reserved to himself, his heirs and assigns, and personal representatives, "the free and perpetual right of way over such part of the premises as is or shall be occupied by a passage-way, to be completed from York street, along the dividing line of Sawyer's bank and flats, and also by a cross-passage-way running from the aforesaid passage-way, to be constructed parallel with York street, across the aforesaid premises for the passage of horses, carriages, and such other purposes as said Goddard, his heirs, executors, administrators or assigns may or shall deem proper, — granting to said Kelley, his heirs, &c., the privilege of arching over the cross-passage-way, on condition of his leaving a clear height of twelve feet."

The bill then alleges that, on the next day, in connection with said conveyance, and as part of the same transaction, Kelley gave to Goddard a bond, a copy of which is annexed. The condition of the bond is, that Kelley "shall well and truly finish or cause to be finished in a good and substantial manner, after the expiration of the year eighteen hundred and forty-seven, as said Goddard shall direct, a certain passage-way 33 feet wide, on the south-easterly side of York street, beginning at the center or middle of High street," — then giving courses and distances to another passage-way at a point Goddard may direct, — the last named passage-way to be built in a firm and substantial manner by the said Kelley, his heirs or assigns, at such time after 1847, as Goddard may direct, to be 25 feet in width, parallel with York street, across the flats bought by Kelley of Goddard, to the line of Goddard's flats.

This bond has been assigned to the plaintiff, to whom the said Goddard conveyed the lot adjacent to the one he conveyed as above to Kelley, and, it is alleged in the bill, that, by that conveyance and one subsequent, Goddard conveyed to the plaintiff all the right of way and passage across Kelley's land reserved in the deed, and derived from the bond and obligation aforesaid of said Kelley.

It also appears that the Kelley lot has, through sundry mesne conveyances, become the property of Hamblen, the other respondent, subject to the reservation.

It is important to ascertain what the precise object of this bill is, and what the prayer seeks. The bill does not set out any interference with the right of the plaintiff to use a way or ways over the land, as reserved in the deed. But the complaint is—that, on request, neither of the defendants has made, laid out or built the passage-ways reserved in and derived from the deed and obligation. The prayer is "that the said defendants may be compelled, by a decree of this Honorable Court, to make, lay out and build the passage-ways, pursuant to their agreement and the reservation aforesaid." The prayer also is for a joint decree against both defendants.

As to Kelley, it is clear that he cannot do it, for he has sold the land, and has no power or control over it. Where a party is disabled from performing a decree, no decree for a specific performance can be of any use. Where a party gave an agreement to procure a deed, and failed, the Court would not decree specific performance, and compel a conveyance of the premises, because the defendant could not possibly comply. *Hill* v. *Fiske*, 38 Maine, 520. In some cases equity will give compensation in damages. But that is not asked in this case. The plaintiff, as against Kelley, has his bond, and may resort to that. But, after parting with his whole title, (and this fact was known to the plaintiff when he brought his bill, as he states it in the bill,) he is disabled, and a court of equity will not make a nugatory

and useless decree which cannot be complied with, but leave the party to any other remedy he may have.

As to the other defendant, (Hamblen,) it appears that he holds the title under the deed, but is not a party to the bond. He therefore holds, undoubtedly, subject to the right reserved in the deed to Kelley: But this bill is not brought to enforce the right reserved in the deed alone. The counsel for the plaintiff, in his argument, says, that "the bill is not based (as defendants seem to suppose) upon reservations in deeds, but upon Kelley's contract in the bond, of which Hamblen had full notice when he took conveyance."

By the deed, the reservation is of a right in Goddard, his heirs and assigns, to pass with teams, &c., over such part of the premises as is or shall be occupied by a passage-way to be completed, from York street, &c., and also by a cross-passage-way to be constructed, &c. The *deed* does not specify how and by whom the ways are to be laid out, constructed or completed. The rights of the parties and their privies in estate, by the deed, are those arising from a right in one person to have a free passage over the lands of another. If interrupted in the enjoyment of the right the common law gives a remedy by action for damages, for each instance of such violation.

But this bill asks a decree against a grantee, to enforce the conditions of a bond given the succeeding day. That bond was in the usual form, conditioned that Kelley should finish or cause to be finished, in a good and substantial manner, after a certain time, a passage-way on S. E. side of York street, to meet another passage-way, and that other way to be built in a firm and substantial manner by Kelley at such time as Goddard should direct. There is no reference in this bond to any deed or any reservation in any deed. The only reference to the lot is in the description of the cross-way, to wit, that it is "to run parallel with York street across the flats bought by the said Kelley of said Goddard, to the line of said Goddard's flats."

The object of this bond seems to have been to obtain from

Kelley an obligation, not to be found in the deed, to build and finish in a good and substantial manner, the ways referred to in the deed. It is a personal obligation on its face. But the plaintiff says that it is in fact a covenant, running with the land and binding on the grantees, and that the defendants may be compelled, as prayed for in this bill, to make, lay out and build the passage-ways, pursuant to their agreement and the reservation.

But, is the bond a covenant running with the land? It is not a part of the deed, and is not referred to in it. It was made subsequently, after the title had passed out of Goddard, and when there was in fact no privity of estate between the parties to the deed, except so far as a prior grant made a privity. It was a personal obligation to make, finish, build certain ways in a substantial manner.

The case of *Plymouth* v. *Carver*, 16 Pick., 183, is much in point. In that case the town had granted to two persons certain land, on condition they should become bound by sufficient bonds to make and maintain a portion of the highway which passed by such land. The bond was given six days after the deed. The action was brought on that bond against the subsequent grantees of the land. The Court say,—"The plaintiffs must maintain that the land which was granted, was originally charged with the performance of this bond, and that it continued to be charged in the hands of the defendants. But it is perfectly clear that the town of Plymouth had no interest whatsoever in the land granted, after the conveyance of the same by them. The town might have conveyed on condition that the grantees should make or maintain the highway, and have reserved a right of entry for a breach. The only condition was that the grantees should give a bond to maintain the highway. The plaintiffs claim to recover on the writing declared upon, as a covenant which runs with the land. But, with what land is this covenant running? No right or estate in any land is conveyed by the covenantors to the inhabitants of the town. * * * We think it very clear that the bond

was a personal obligation, not binding the land which the town had conveyed to them. There was no privity of estate between the covenanting parties, which would be necessary to exist, in order to the creation of a covenant to run with the land."

To the same effect is the case of *Parish* v. *Whitney*, 3 Gray, 516; *Spencer's case and notes*, 1 Smith's Leading Cases; *Hurd* v. *Curtis*, 19 Pick., 459.

In view of the facts before us, we are of opinion that the bond did not create any covenant running with the land, and therefore that defendant Hamblen cannot be compelled to perform, by a decree in equity, what Kelley had given his personal bond to do when requested.

*Demurrer by each defendant sustained.*
*Bill dismissed with costs.*

DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.